IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

    v.                        *          Criminal Action No. RDB-17-0132

RAYMOND MCCULLOUGH,      *

    Defendant.               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM ORDER</u>**

On November 2, 2017, Defendant Raymond McCullough ("Defendant" or "McCullough") pled guilty to one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), related to the August 5, 2016 armed robbery of thirty-seven firearms from a store in Dundalk, Maryland. (*See* Arraignment, ECF No. 98; Plea Agreement 2, ECF No. 93.)  On May 22, 2018, this Court sentenced McCullough to 240 months in federal custody with credit for time served since March 24, 2017. (J. 1–2, ECF No. 170.)  McCullough is presently incarcerated at F.C.I. Petersburg in Virginia, and his projected release date is October 22, 2033. *See* Bureau of Prisons, *Find an Inmate*, available at https://www.bop.gov/inmateloc/.

Pending now are two *pro se* motions filed by McCullough: (1) a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), (ECF No. 265) ("Motion for Compassionate Release"); and (2) a Motion for Appointment of Counsel (ECF No. 267) (collectively, "Motions"). McCullough urges this Court to grant his Motions because his health is "deteriorating" as a result of his spinal problems which are apparently compounded by aging and obesity. (ECF No. 265 at 2.) The Government opposes McCullough's Motion for Compassionate Release (ECF No. 300) but has not filed a response

to McCullough's Motion for Appointment of Counsel.  The Court has considered the filings and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, McCullough's Motion for Compassionate Release (ECF No. 265) is **DENIED**, and his Motion for Appointment of Counsel (ECF No. 267) is **DENIED**.

## BACKGROUND

The following undisputed facts were stipulated to by both parties in McCullough's Plea Agreement. (*See* ECF No. 93 at 4–5.) On August 5, 2016, Raymond McCullough and four others conspired to steal firearms from the Blue Fins Bait, Tackle, Guns store in Dundalk, Maryland. (*Id.* at 4.) According to the Plea Agreement, McCullough was "the principal planner and orchestrator of the robbery," which occurred later that evening. (*Id.*)

At approximately 7:30 PM, McCullough drove the group, armed with guns, to the store in a stolen Ford F-150 pick-up truck. (*Id.*) While McCullough waited outside in the truck, the four co-conspirators stole thirty-seven firearms, including three assault rifles and a silencer, and cash. (*Id.*) During the robbery, McCullough's co-conspirators used their weapons to threaten the store's owners.  (*Id.*) The perpetrators bound one of the two store owners with zip ties and locked the other in a safe. (*Id.*) They then attempted to steal and destroy what they thought to be surveillance equipment before fleeing the scene, with McCullough still driving the stolen pick-up. (*Id.*) The group then went to a location and split the stolen goods. (*Id.*)

A search warrant based on eyewitness accounts and other sources was issued for the residence and vehicle used by McCullough.  (*Id.* at 4-5.)  During the subsequent search of McCullough's vehicle, a firearm matching a weapon robbed from Blue Fins was recovered and McCullough was placed under arrest.  (*Id.* at 5.) In a post-arrest interview, McCullough

admitted to participating in the robbery, but denied knowledge of the overall scheme. (*Id.*) This was later controverted by witness testimony, which established that McCullough "plotted and participated in" the Blue Fins robbery. (*Id.*) He later recanted his prior denial—and stipulated in his plea agreement—to his principal role in the armed robbery of Blue Fins. (*Id.*)

Additionally, McCullough stipulated to a statement of facts in his plea agreement detailing past similar conduct. (*Id.*) On July 24, 2016, McCullough and a co-conspirator stole $700 in cash and the security cameras from the New Chef Carry Out Restaurant in Baltimore. (*Id.*) As in the immediate case, victims were threatened with firearms and forced to comply, but unlike in the Blue Fins robbery, McCullough entered New Chef while carrying a gun, which he pointed at the victims. (*Id.*)

On March 8, 2017, McCullough was charged in a multi-count indictment alleging conspiracy to commit Hobbs Act robberies, substantive Hobbs Act robberies, and firearm charges. (Indictment, ECF No. 1.) A superseding indictment with additional robbery charges was filed on October 18, 2017. (ECF No. 75.) On November 2, 2017, pursuant to a plea agreement, McCullough pled guilty to Count 3 of the Superseding Indictment, Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). (ECF No. 170 at 1.) Under Fed. R. Crim. P. 11(c)(1)(C), McCullough agreed to a sentencing range of 192 to 240 months as part of his guilty plea. (*See* ECF No. 171 at 2.)

After consulting the federal sentencing guidelines, this Court further determined the guideline range to be 235 to 240 months imprisonment. (*Id.* at 1.) Because of McCullough's extensive criminal history and relevant conduct in a separate robbery on July 24, 2016, this Court sentenced him to the statutory maximum sentence, 240 months in prison with credit

for time served since March 24, 2017, to be followed by three years supervised release. (*Id.* at

2; ECF No. 170; *see generally* Presentence Report 3–23, ECF No. 136.)

On March 14, 2021, McCullough petitioned this Court for Compassionate Release

pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 265). On April 6, 2021, McCullough filed

a Motion to Appoint Counsel (ECF No. 267). In his Motion for Compassionate Release,

McCullough alleges that he has exhausted his administrative remedies for relief and that he

has medical records to support his argument for release. *(Id.* at 4.) The Government opposes

McCullough's Motion for Compassionate Release (ECF No. 300) but has not filed a response

to McCullough's Motion for Appointment of Counsel. These pending Motions are ripe for

review.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation

omitted). McCullough was not represented by a lawyer when he filed his Motions, and

therefore a less stringent standard of review applies.

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant

changes to the procedures involving Compassionate Release from federal prison. Prior to the

First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole

discretion to file Compassionate Release Motions with the Court. With the passage of the First

Step Act, Defendants are now permitted to petition federal courts directly for Compassionate

Release whenever "extraordinary and compelling reasons" warrant a reduction in sentence.

The Act permits a Defendant to seek a sentence reduction after he "has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a Motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A.) Once these mandatory conditions are satisfied, this Court may authorize Compassionate Release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## ANALYSIS

This Court is not apathetic as to McCullough's medical conditions. However, McCullough has not "fully exhausted all [of his] administrative rights," nor has he provided evidence to sufficiently demonstrate the existence of "extraordinary and compelling reasons" for his release. 18 U.S.C. § 3582(c). Additionally, the factors laid out in 18 U.S.C. § 3553(a) weigh heavily against McCullough's release.

### I.    McCullough Has Failed to Exhaust Administrative Remedies.

One of the mandatory conditions laid out in § 3582(c)(1)(A) requires a petitioner to demonstrate that "[he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C § 3582(c)(1)(A). In his March 14, 2021 Motion for Compassionate Release, McCullough claims that he petitioned the warden to move on his behalf for a sentence reduction in November 2020. (ECF No. 265.) He avers that 30 days had passed without a response and further states that his request was denied in December 2020. (*Id.*) However, McCullough's contentions are unsupported by the record, as McCullough has not provided

documentation or other evidence to support his claims.[1] This Court therefore finds that he

has failed to exhaust his administrative remedies under § 3582(c)(1)(A). For that reason alone,

a court may deny a Motion for Compassionate Release, but seeing as McCullough is *pro se*, this

Court finds it prudent to analyze his other claims, which also fail.

## II.   McCullough Has Failed to Establish Extraordinary and Compelling Circumstances.

Even if McCullough had demonstrated that he had fully exhausted administrative

remedies, he has still failed to present extraordinary and compelling circumstances. The United

States Sentencing Commission is charged with defining "what should be considered

extraordinary and compelling reasons for sentence reduction" under 18 U.S.C.

§ 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that

"extraordinary and compelling reasons" exist where a Defendant is "suffering from a serious

physical condition . . . that substantially diminishes the ability of the Defendant to provide

self-care within the environment of a correctional facility and from which he is not expected

to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

Similarly, a Defendant who is "(i) at least 65 years old; (ii) is experiencing a serious

deterioration in physical or mental health because of the aging process; and (iii) has served at

least 10 years or 75 percent of his or her term of imprisonment, whichever is less," faces

extraordinary and compelling circumstances that may justify release. U.S.S.G. § 1B1.13 cmt.

n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other

---

[1] On May 14, 2021, Federal Public Defender for the District of Maryland declined to represent McCullough, noting it had not received any documents regarding Defendant's exhaustion of administrative remedies. (Notice, ECF No. 268.)

extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission.[2] U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for Compassionate Release Motions filed by a defendant in the wake of the First Step Act). As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over Compassionate Release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, No. CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord McCoy*, 981 F.3d at 281 (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of Compassionate Release, are 'extraordinary and compelling'").

While he does not use the words "extraordinary and compelling," McCullough goes to great effort to establish that such reasons exist for his release, and he appears to quote directly from the United States Sentencing Guidelines § 1B1.13. (ECF No. 265.) His primary argument concerns his many medical conditions as reasons for a sentence reduction because he claims he has: "a serious *physical*" condition (emphasis in original), a "serious functional or cognitive impairment," and "deteriorating" health as a result of "degenerative changes manifested by

---

[2] Exercising its discretion under the First Step Act, this Court has determined that a defendant's heightened susceptibility to COVID-19 may constitute an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). While the Government claims that McCullough should not be considered for release due to COVID-19 concerns, (ECF No. 300 at 5), McCullough does not mention COVID-19 as a reason in his Motion for Compassionate Release.

endplate osteophytes at multiple vertebrae [sic] in [his] spine." (ECF No. 265 at 2.) He further argues—again with verbatim language from the application notes of the sentencing guidelines—that his conditions "substantially [diminish his] ability to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." (*Id.*); *See generally* Federal Sentencing Guidelines Manual § 1B1.13(1)(A)(ii)(I-III) (U.S. Sentencing Comm'n 2018).

Indeed, McCullough cites several health problems: degenerative endplate osteophytes of the spine, lumbar spondylosis, severe obesity, high blood pressure, neuropathy, sciatica, hyperthyroidism, moderate seizure disorder, and enlarged prostate; and McCullough's medical records obtained by the Government from the Bureau of Prisons corroborate the conditions he suffers from and detail an extensive history of treatment and appointments while incarcerated. However, there is no evidence that the Bureau of Prisons is unable or unwilling to provide the necessary medical assistance, (ECF No. 300 at 6), and McCullough—who is 40 years old and has served less than a third of his total sentence—does not allege that to be the case. As such, this Court finds that McCullough has failed to establish "extraordinary and compelling" reasons for relief.

### III.    The § 3553(a) Factors Weigh Heavily Against McCullough's Release.

In *United States v. McCoy*, the Fourth Circuit made clear that "courts should be empowered to relieve some Defendants of those sentences on a case-by-case basis." 981 F.3d 271, 286–87 (4th Cir. 2020). Accordingly, a court must conduct an "individualized assessment" under § 3553(a) to determine a Defendant's eligibility for a reduction. *Id.* at 286. These factors require this Court to consider: (1) the Defendant's personal history and characteristics; (2) his

sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated Defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *Bryant*, 2020 WL 2085471, at *4. McCullough has requested that his 240-month sentence be reduced to time served—approximately 75 months—and that he be released from federal prison.

In conducting an individualized assessment of McCullough and his case, this Court first considers McCullough's personal history and level VI criminal history, both of which weigh against release because of the risk of recidivism. *See e.g., United States v. Bell*, No. RDB-09-0219, 2022 WL 4278007, at *5 (D. Md. Sept. 15, 2022) (where Defendant was not granted Compassionate Release partly due to "a history of criminal recidivism," particularly regarding crimes similar to past charges). As for the nature and seriousness of the offense, McCullough's sentence was warranted considering his history of similar conduct, including other armed robberies. (ECF No. 93 at 5.) Similarly, the fact that McCullough has served just over 30% of his sentence does not meet the objectives of promoting deterrence, protecting the public, and promoting respect for the law. There is no concern for unwarranted sentencing disparities here, because McCullough received an appropriate sentence as the primary planner of the Blue Fins Robbery. (*Id.* at 4.) III. This Court finds that the § 3553(a) factors weigh against McCullough's early release. Accordingly, McCullough's Motion for Compassionate Release (ECF No. 265) is **DENIED**.

## MOTION FOR APPOINTMENT OF COUNSEL

Generally speaking, there is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *United States v. Jones*, No. RDB-10-232, 2021 WL 2805947, at *4 (D. Md. July 6, 2021). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). In this case, the Defendant has not established the interests of justice require appointment of counsel. This Court sees no reason to appoint counsel for the Defendant at this time, as McCullough has not met the basic mandatory conditions (exhausting administrative remedies and establishing extraordinary and compelling justification for release). For those reasons, his Motion to Appoint Counsel is **DENIED**.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** this 30th day of June 2023, that Defendant Raymond McCullough's Motion for Compassionate Release, (ECF No. 265), and Motion for Appointment of Counsel, (ECF No. 267), are **DENIED.**

/s/<br>
Richard D. Bennett<br>
United States Senior District Judge